UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCED DOMINGUEZ, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BERKELEY, *et al.*,<br><br>　　　　Defendants. | Case No. 21-cv-08599-SI<br><br>**ORDER DISMISSING PLAINTIFFS RICHARD DORAN AND RONALD BANYASH WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 74 |

On June 24, 2022, the Court held a hearing on defendants' motion to dismiss without prejudice plaintiffs Richard Doran and Ronal Banyash based on their failure to prosecute this case. Neither Mr. Doran nor Mr. Banyash appeared at the hearing, nor did they file an opposition to the motion. For the reasons set forth below, pursuant to Federal Rule of Civil Procedure 41(b), the Court GRANTS the motion and DISMISSES the claims of plaintiffs Doran and Banyash without prejudice.

**BACKGROUND**

On November 1, 2021, Richard Doran, Ronald Banyash, and eight other *pro se* plaintiffs filed a complaint against the City of Berkeley. Compl. (Dkt. No. 1). The complaint alleges the City's newly enacted ordinances, "the Oversize Vehicle Overnight Ban, Gross Vehicle Weight Limits and four-hour limit pilot parking program[,]" seek to punish the City's vehicularly housed residents. *Id.* at ¶ 1. The complaint asserts ten causes of action under the California and United States Constitutions. *Id.* at ¶ 11. In addition, plaintiffs Dominguez, Zajac, Manlove, Galtney, and Banyash brought four other causes of action under state and federal statutes based on their status as "Plaintiffs with disabilities[.]" *Id.* at ¶¶ 49-82.

On November 4, 2021, all plaintiffs joined in filing a Motion for a Temporary Restraining Order (TRO). Dkt. No. 11. On March 16, 2022, this Court referred the matter to Magistrate Judge Donna Ryu for settlement. Order of Reference (Dkt. No. 62). Plaintiffs Richard Doran and Ronald Banyash did not appear for the hearing on the TRO motion which occurred on March 18, 2022. Minute Entry for Proceedings (Dkt. No. 63). At that hearing, Magistrate Judge Ryu notified the present plaintiffs of the procedure for the Settlement Conference and noted that it was a mandatory court proceeding in which "[a]ll parties must participate[.]" *Id.* at 1. On March 22, 2022, Magistrate Judge Ryu issued a Notice and Order to the parties regarding the Settlement Conference which contained the following statement: "**This is a mandatory proceeding and it will likely last the whole day. All Plaintiffs must attend. Any Plaintiff who does not attend may jeopardize their ability to continue to participate in the lawsuit.**" Notice and Order of Settlement Conference (Dkt. No. 65) (emphasis in original).

Plaintiffs Richard Doran and Ronald Banyash failed to appear at the initial Settlement Conference on April 12, 2022. Minute Entry for Proceedings (Dkt. No. 70). Following the initial conference, Magistrate Judge Ryu set the second conference for May 6, 2022, noting:

> **All Plaintiffs must attend. Any Plaintiff who does not attend may jeopardize their ability to continue to participate in the lawsuit. Any Plaintiff who cannot attend the 5/6/2022 proceeding must notify Judge Ryu by no later than 5/4/2022 by sending an email to DMRCRD@cand.uscourts.gov. The email must explain why the Plaintiff cannot attend.**

*Id.* at 1 (emphasis in original). Plaintiffs Richard Doran and Ronald Banyash also failed to appear at the second Settlement Conference on May 6, 2022. Minute Entry for Proceedings (Dkt. No. 71). During this conference, the proposed settlement terms were discussed and all parties had an opportunity to ask questions. *Id.* at 1.

A third Settlement Conference was set for May 19, 2022, and the parties were again notified that their attendance was mandatory. *Id.* ("This is a mandatory proceeding. All Plaintiffs must attend. Any Plaintiff who does not attend may jeopardize their ability to continue to participate in the lawsuit."). Once again, plaintiffs Richard Doran and Ronald Banyash failed to appear at the third Settlement Conference. Minute Entry for Proceedings (Dkt. No. 72). At this conference,

2

plaintiffs Dominguez, Zajac, Manlove, Benfante, Cheatwood, and Galtney reviewed and agreed to the proposed settlement, and signed the term sheet. *Id.* at 1. The following day, Magistrate Judge Ryu met with plaintiffs Fisher and Jeffords who reviewed and agreed to the proposed settlement and signed the term sheet. Minute Entry for Proceedings (Dkt. No. 73).

On May 27, 2022, the City of Berkeley filed a motion pursuant to Federal Rule of Civil Procedure 41(b) to dismiss plaintiffs Richard Doran and Ronald Banyash without prejudice. Dkt. No. 74. Plaintiffs Doran and Banyash have not filed an opposition.

**LEGAL STANDARD**

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). It should also afford the litigant prior notice of its intention to dismiss. *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Explicit findings on the five factors are not required. *Henderson*, 779 F.2d at 1424.

A dismissal for failure to prosecute is generally with prejudice and operates as an adjudication on the merits for purposes of preclusion. *See* Fed. R. Civ. P. 41(b); *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). A district court may also specify that the dismissal is without prejudice. *See* Fed. R. Civ. P. 41(b); *Lyell Theatre Corp. v. Loew's Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982). But in either event, the dismissal of an action for failure to prosecute is final and appealable, *see Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984), *cert. denied*, 470 U.S. 1007 (1985), and subject to review for an abuse of discretion, *see Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984).

3

**DISCUSSION**

In this case, an application of the five factors to plaintiffs Richard Doran and Ronald Banyash weighs in favor of their dismissal without prejudice. Both parties failed to appear at three settlement conferences after being notified by court order that their attendance was mandatory. In addition, the parties were repeatedly warned of the potential consequences of failing to attend these settlement conferences. Finally, Doran and Banyash are the only plaintiffs who have not agreed to the proposed settlement, which includes terms of a time sensitive nature.

*Public's interest in expeditious resolution of litigation* — This factor weighs in favor of dismissal because the participating plaintiffs have agreed to a proposed settlement. However, the settlement will not advance until this action is dismissed. *See* Declaration of Paul Buddenhagen at ¶ 8 (Dkt. No. 76) (explaining the City Council will not hear the settlement unless it is assured that the action will be dismissed).

*Court's need to manage its docket* — This factor favors dismissal given Doran and Banyash's failure to appear at three settlement conferences and their lack of opposition to this motion. Needlessly continuing to hold this matter on calendar impedes the Court's need to manage its docket.

*Risk of prejudice to the defendants* — This factor favors dismissal because the defendants have reached a tentative settlement agreement with eight of the ten plaintiffs. Any further delay would jeopardize the time sensitive terms of the settlement agreement which "can only be considered and approved by the City Council in open public session." *Id.* at ¶ 4.

*Public policy favoring disposition of cases on their merits* — While this policy goal would generally not be served by dismissal, in this case, plaintiffs are dismissed without prejudice and are free to litigate this matter on the merits in the future should they wish to do so. Accordingly, this factor is neutral.

*Availability of less drastic alternatives* — This factor weighs in favor of dismissal because Doran and Banyash were repeatedly placed on notice that their failure to attend the settlement conferences could jeopardize their ability to continue in the lawsuit. The Ninth Circuit has held that "warning[s] to a party that his failure to obey the court's order will result in dismissal can satisfy the

4

consideration of alternatives requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), as amended (May 22, 1992) (internal quotation marks omitted).

Thus, these five factors considered in combination persuade the Court that dismissal for failure to prosecute is proper. However, the Court's dismissal will be without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the motion to dismiss plaintiffs Richard Doran and Ronald Banyash without prejudice.

**IT IS SO ORDERED**.

Dated: June 24, 2022

SUSAN ILLSTON
United States District Judge